UNITED STATES v. SIX DOZEN BOT-
TLES, MORE OR LESS, OF "DR.
PETER'S KURIKO" etc.

DR. PETER FAHRNEY & SONS CO. v.
UNITED STATES.

No. 9047.

Circuit Court of Appeals, Seventh Circuit.
Jan. 2, 1947.

See, also, 55 F.Supp. 458.

Joseph V. Quarles and Arthur Wickham, both of Milwaukee, Wis., John Lyle Vette and Henry Junge, both of Chicago, Ill., for appellant.

Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., Theron L. Caudle, Asst. Atty. Gen. (John T. Grigsby, Atty., Department of Justice, of Washington, D. C., and Bernard D. Levinson, Atty., Federal Security Agency, of Boston, Mass., of counsel), for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree entered January 22, 1946, in a proceeding commenced by the filing of a Libel Information under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., which prayed the condemnation of an article called Dr. Peter's Kuriko, on the ground that it was misbranded when in interstate commerce. The res involved is a medicine manufactured by Dr. Peter Fahrney & Sons Company, referred to as the claimant which intervened and defended the action. The cause was tried to a jury and a special verdict was returned which constitutes the basis for the decree in controversy.

The libel as filed charged misbranding in a number of ways, all of which charges have been eliminated in one way or another except that contained in paragraph IIIa, which alleged that the article was misbranded within the meaning of 21 U.S.C.A. § 352(a) in that certain representations in the labeling were false and misleading since the product, when taken as directed, will not fulfill the promises of benefit stated and implied therein.

The special verdict of the jury, on questions framed by the court, was as follows:

"1. Is the labeling of Kuriko false or misleading in that the product, when taken as directed, will not fulfill the promises of benefit, stated or implied?

"Answer: Yes.

"2. Does the labeling of Kuriko, including the directions thereon, provide for the continuous use of Kuriko?

"Answer: No.

"3. If you answer Question 2 'Yes,' then answer this question. Is the continuous use of Kuriko capable of causing a dependency upon laxatives to move the bowels?

"Answer:

"4. Is Kuriko misbranded in that the labeling fails to bear adequate directions for use in any respect?

"Answer: Yes."

The primary issue raised before this court arises from the contention that there was no substantial evidence which would justify the submission of the case to the jury and that there should have been a directed verdict in favor of the claimant. It is also contended that the submission to the jury of question 4 was prejudicial error because there was no charge in the libel to which it was responsive. In connection with this contention, it is also asserted that the court improperly admitted the opinion testimony of a witness who was not qualified.

Kuriko is a medicine which has long been manufactured and sold to the public.

Admittedly, it is a laxative and relieves functional constipation. That is the limit, however, of its remedial qualities. In fact, we do not understand that anything further is claimed for it. Notwithstanding this, claimant in a pamphlet wrapped around each bottle of its product devoted four pages extolling benefits to be derived from its use. We think no good purpose could be served in setting forth the contents of this pamphlet. It is sufficient to state that we have studied it and we are of the view that the representations contained therein were such as to present a proper question for the jury as to whether they were misleading. It may be, as claimant insists, that there were no statements contained in the pamphlet which were literally false, but even so it does not follow that it was not misleading when considered in its entirety.

We shall mention only a few of the statements contained in this pamphlet, from which we think a jury might have reasonably inferred that the product was represented either as a remedy or a cure for something other than constipation. On the first page, under the heading in large black type, "What it is," appears the following in small type, "The family medicine of 5 generations designed for relief from functional constipation and, when these troubles are due to constipation, for relief from nervousness, indigestion, upset stomach, headaches, loss of sleep and appetite, flatulence, foul breath and coated tongue." In other words, by this statement the reader is informed that the remedy is only a relief from the ailments mentioned when they are due to constipation. It appears there could be nothing misleading in this statement. On the same page, however, under another heading in large black type, "What it does," is the following statement, also in heavy type, "Kuriko fights functional constipation." The government contends that the buying public may infer from this statement that it is a remedy or cure for constipation rather than a mere relief. We are not greatly impressed with the government's contention in this respect but this representation, as others, was submitted to the jury and we cannot say that the jury was not justified

in inferring that the statement was misleading.

In our judgment, the more important statements in the pamphlet calculated to mislead are found on the second page, printed in large black type, "Here's what may happen when you are constipated," followed by five paragraphs, entitled "Functional constipation," "Nervousness," "Flatulence," "Headaches," and "Common colds." The title of each paragraph is also in heavy black type, and opposite each is a picture of a person shown to be in misery and distress. It is true that the fine print in each of these paragraphs gives the information that Kuriko will bring relief only when the ailment is caused by constipation. We are of the view, however, that this page of the pamphlet alone, considering the form of its arrangement, the ailments which are listed in large type and the limitation with reference thereto in small type, in connection with the pictures of persons evidently in misery and distress, furnishes the basis for a finding that the representations were misleading.

A great deal of medical testimony was offered by both sides which it is argued supports the contentions of the respective parties. Again we think no useful purpose could be served in an attempt to analyze or dissect this expert testimony as it pertains to the issues in controversy. In fact, to do so would involve a weighing of the testimony, which is not our function but was that of the jury. The only contention made here which might be regarded as serious is that which arises from the submission to the jury of question 4, and its finding that Kuriko is misbranded because the labeling "fails to bear adequate directions for use in any respect." Concededly there was no charge in the information to which this question and answer was responsive. The only reason we find for its submission is a statement by the court that it desired an answer to the question for its own information. We are of the view that this question should not have been submitted but, even so, we are also of the view that it was not prejudicial. As this court has held, proof of any one

of the claims contained in the information is sufficient. United States v. Dr. David Roberts Veterinary Co., 7 Cir., 104 F.2d 785, 789.

The jury's answer to this question neither adds nor detracts from its answer to the first question, which was responsive to the charge contained in paragraph IIIa. The answer to question 1 forms the basis for a decree and this irrespective of the answer to question 4. This would still be the situation if the jury's answer to question 4 had been "No." There is nothing to indicate and no reason to think that the jury's answer to question 4 bore any relation to its answer to question 1. In other words, as far as we are able to discern, the jury's answer to question 1 was not dependent in any manner or to any extent upon its answer to question 4. We therefore are of the view that the submission of question 4 could have had no prejudicial effect.

The decree is

Affirmed.